THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE EASTERN TRANSPORTATION LINE, Appellants, *v.* THE COMMISSIONERS OF TAXES AND ASSESSMENTS OF THE CITY OF NEW YORK, Respondents.

SAME *v.* THE BOARD OF ALDERMEN OF THE CITY OF NEW YORK, Respondents.

*The taxes imposed by chap. 542 of 1880 are only for State purposes — corporations are not relieved thereby from county or municipal taxes.*

The taxes imposed upon corporations by chapter 542 of 1880 are for the exclusive benefit of the State, and the act does not interfere with the power of the local authorities to impose further taxation upon the same corporations for municipal and county purposes.

Appeal from an order made at a Special Term, confirming an assessment made upon a hearing upon the return to a writ of *certiorari.*

*Gray & Davenport*, for the appellants.

*George P. Andrews*, for the respondents.

Daniels, J.:

The controlling point in this case has been determined by the decision made by the General Term of the second department in the case of the *People ex rel. Westchester Fire Insurance Company* v. *Davenport and others* (25 Hun, 630). It was there held that chapter 542 of the Laws of 1880 included only taxes imposed for the exclusive benefit of the State, and that it did not interfere with the power of the local authorities to impose further taxation upon the same corporation for municipal and county purposes. The case is in no material respect distinguishable from the one presented by this appeal, although some of the facts may have differed in that controversy from the one now presented. For the point arising on them is precisely the same, and the enactment of chapter 332 of the Laws of 1881, declaratory of the effect of the preceding enactment, in no manner impairs or diminishes the effect of that deci-

sion. A proper degree of respect for the determination made by a co-ordinate tribunal upon the same controverted point requires that the decision so made shall be accepted and followed in this case. In no other way can a proper degree of judicial decorum and consistency be maintained. It is unnecessary, therefore, to follow the argument made in support of the appeal, for this decision must be regarded as entirely controlling upon this court.

Other authorities have been cited leading to the same practical result. But it is unnecessary to refer more particularly to them for the reason already stated.

The order in this case and in that of the same relator against the board of aldermen must therefore be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Orders affirmed, with costs.